**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:13CV28-RJC-DSC**

| | |
|---|---|
| SHAWN WILLIAMS, )<br>        Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN,[1] )<br>**Commissioner of Social** )<br>**Security Administration,** )<br>        Defendant. )<br>                       ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Judgment on the Pleadings" (document #11) and "Memorandum in Support ..." (document #12), both filed July 22, 2013; and Defendant's "Motion for Summary Judgment" (document #13) and "Memorandum in Support ..." (document #14), both filed September 23, 2013. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.[2]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Judgment on the Pleadings be <u>denied</u>; that Defendant's Motion for Summary Judgment be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Colvin will be substituted for Michael J. Astrue as the Defendant in this matter. Pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), no further action is necessary.

[2] Pursuant to the Pretrial Scheduling Order entered on April 24, 2013, this matter is ripe upon the filing of Defendant's Motion and Memorandum. <u>See</u> Document #8. Local Civil Rule 7.1 (E) clarifies that the briefing schedule applicable under Rule 7.1 does not apply in Social Security appeals.

# I. PROCEDURAL HISTORY

On February 9, 2010, Plaintiff filed an application for a period of disability, Social Security disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"), alleging that he was unable to work as of January 28, 2010. (Tr. 204-15).

Plaintiff's application was denied initially and upon reconsideration. Plaintiff subsequently requested a hearing which was held on July 26, 2011. (Tr. 41-64).

On August 15, 2011, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (Tr. 19-40). Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 24). The ALJ also found that Plaintiff suffered from lumbar spine spondylosis, diabetes mellitus, and sciatic nerve problems (Tr. 24), but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 26). The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[3] to perform a limited range of light work.[4] Specifically, the ALJ found that Plaintiff could:

> perform a limited range of light work as defined in 20 CFR 404.1567(b). However, degenerative disc disease and pain in his feet and heels precludes repetitive bending. Further, the job will require the opportunity for frequent alternating positions from sitting to standing to relieve pain and discomfort.

(Tr. 26). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged. The ALJ further found that Plaintiff's testimony

---

[3] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

concerning the intensity, persistence and limiting effects of his symptoms was not entirely credible, and that those symptoms would not preclude light work as described in the assessed RFC (Tr. 26-31). Based upon this RFC and the testimony of a Vocational Expert (V.E.), the ALJ concluded that Plaintiff could not perform his past relevant work as a deli worker, axle assembler, cook, or kitchen aide. (Tr. 32).

At the final step, the ALJ consulted a V.E. since Plaintiff's ability to perform the full range of light work was impeded by non-exertional limitations. (Tr. 727). In response to a hypothetical factoring in the above limitations, the V.E. testified that Plaintiff could perform jobs such as food preparation worker, cafeteria line worker, transportation attendant, dishwasher, cashier, retail sales, interviewer, and crossing guard (Tr. 33). Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant period. (Tr. 33).

Plaintiff filed a timely Request for Review by the Appeals Council. By notice dated December 7, 2012, the Appeals Council denied Plaintiff's request for further administrative review. (Tr. 1-7).

Plaintiff filed the present action on February 1, 2013. Plaintiff objects to the ALJ's evaluations of the impact of his obesity and his credibility. See Plaintiff's "Brief … in Support …" at 1, 10-13 (document #12). The parties' cross-Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether

the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" at any time as that term of art is defined for Social Security purposes.[5] Plaintiff argues that the ALJ erred by not considering the impact of his obesity.

Plaintiff bears the burden of establishing that an impairment is severe. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). During the administrative process, Plaintiff never claimed that he was unable to work due to obesity or that his weight caused any functional limitations. (233, 41-61). Plaintiff only alleged that he was disabled due to back pain, diabetes, and sciatic nerve problems. (Tr. 233).

SSR 02-1p instructs ALJs to consider the impact of obesity throughout the sequential evaluation process. SSR 02-1p, 2010 WL 628049 (Sept. 12, 2002). Although Plaintiff is obese, the record does not reflect that he ever complained to his doctors or to the Social Security Administration about any limitations related to this condition. Moreover, the record does not reflect any functional limitations caused by obesity that are not otherwise accounted for in the assessed RFC. See McKinney v. Astrue, No. 1:11-CV-199-DLH, 2012 WL 6931344, at *3 (W.D.N.C. Dec. 11, 2012) ("remand is not required so that the ALJ can explicitly consider a claimant's obesity where, like in this case, it would not impact the outcome of the case"); Cosom v. Astrue, No. 11-294, 2012 WL 1898921, at *4 (W.D.N.C. Feb. 23, 2012) (rec. dec. aff'd May 24, 2012) (when plaintiff alleges violation of SSR 02-1p, remand is appropriate if plaintiff points to evidence in the record demonstrating functional limitations due to obesity that

---

[5]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

are not otherwise addressed by the ALJ); Barnes v. Astrue, No. 11-285, 2012 WL 5457348, at *2-4 (W.D.N.C. Oct. 16, 2010) (rec. dec. aff'd Nov. 8, 2012) (rejecting plaintiff's argument that the ALJ failed to abide by SSR 02-1p, in part, because plaintiff could not identify any evidence establishing obesity-related limitations that the ALJ failed to consider); Gann v. Astrue, No. 09-355, 2010 WL 3811942, at *11 (W.D.N.C. Sept. 1, 2010) (rec. dec. aff'd Sept. 27, 2010) (in the context of obesity and the proper application of SSR 02-1p, "[i]t cannot, therefore, be error for the ALJ to not consider an impairment that [inter alia] was not complained of to doctors or the Administration").

Plaintiff argues that his obesity-related limitations are supported by the evidence that he was diagnosed as morbidly obese with a body mass index ("BMI") as high as 41.6. "Plaintiff's Memorandum …" at 10-11 (document #12). However, there is no specific weight or BMI to establish that obesity causes functional limitations. See SSR 02-1p, 2000 WL 628049, at *4 (noting that no specific level of weight or BMI, or descriptive term for a claimant's level of obesity like extreme or morbid, establishes whether the impairment is "severe" for disability program purposes); see also Gann, 2010 WL 3811942, at *11. Plaintiff also asserts that he experiences daytime fatigue and difficulty with heel to toe walking due to his obesity. Document #12 at 11. Plaintiff never attributed those limitations to his obesity prior to the ALJ's decision. He testified that he was tired during the day because of back pain and that his diabetes kept him awake at night (Tr. 53). He attributed his heel pain to having shattered his ankle. (Tr. 49, 51-52).

Plaintiff has not demonstrated that his obesity limits him beyond the scope of the ALJ's RFC finding. Plaintiff testified that he could lift twenty pounds, stand comfortably for thirty minutes at a time, sit for thirty minutes at a time, and walk for twenty minutes at a time. His

6

testimony was consistent with the ALJ's RFC finding, which allows lifting no more than twenty pounds and "frequent alternating positions from sitting to standing to relieve pain and discomfort." (Tr. 26).

For these reasons, the ALJ's treatment of Plaintiff's obesity is supported by substantial evidence.

Plaintiff also argues that the ALJ's assessment of his credibility is not supported by substantial evidence. The determination of whether a person is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996), citing 20 C.F.R. § 416.929(b); and § 404.1529(b); 42 U.S.C. § 423(d)(5)(A). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595, citing 20 C.F.R. § 416.929(c)(1); and § 404.1529(c)(1). The regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

The ALJ is not required to discuss each factor enumerated in 20 C.F.R. §§ 404.1529(c), 416.929(c). Rather, his decision must contain "specific reasons for the finding on credibility,

supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

The record contains evidence of Plaintiff's lumbar spine spondylosis, diabetes mellitus, and sciatic nerve problems – which <u>could</u> be expected to produce some of his pain. Accordingly, the ALJ found that Plaintiff met the first prong of the test. The ALJ then determined that Plaintiff's subjective complaints were not fully credible, as they were not consistent with the objective evidence in the record.

The ALJ provided a detailed explanation for his assessment of Plaintiff's credibility. The ALJ considered Plaintiff's alleged limitations due to back and neck pain. (Tr. 28-29). The medical findings pertaining to these impairments were mostly within normal limits. (Tr. 28-29). While a plaintiff's complaints need not be fully supported by objective medical evidence, such evidence is of crucial importance in assessing credibility. <u>See</u> <u>Craig</u>, 76 F.3d at 595 (characterizing objective medical evidence as "crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work."). The ALJ focused on the fact that Dr. Stephen Burgess identified functional limitations consistent with the ALJ's RFC finding during his consultative examination. (Tr. 30).

The ALJ drew a permissible inference from the fact that Plaintiff's diabetes was uncontrolled because of his failure to adhere to a proper diet and medication regimen. (Tr. 30); <u>Wyrick v. Apfel</u>, 29 F.Supp.2d 693, 697-698 (M.D.N.C. 1998) (noting that an ALJ properly considered plaintiff's non-compliance and its detrimental effects on his impairments in assessing an RFC).

The ALJ also found that Plaintiff's activities of daily living were inconsistent with his allegations of disabling pain. (Tr. 31). See Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005) (upholding finding that claimant's routine activities – including attending church, visiting relatives, reading, watching television, cooking, cleaning the house, and doing laundry – were inconsistent with complaints of pain); Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ("the pattern of [claimant's] daily activity" – including socializing, walking to town, grocery shopping, cooking, washing dishes, and generally taking care of a house – "suggests that he was not disabled from working"). The ALJ found that Plaintiff was "able to care for young children at home, which can be quite demanding both physically and emotionally, without any particular assistance." (Tr. 31). "[T]he only fair manner to weigh a subjective complaint of pain is to examine how the pain affects the routine of life." Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994).

The ALJ also found that Dr. Burgess's consultative opinion as well as the opinions of the reviewing Agency medical experts supported the assessed RFC. (Tr. 31). The ALJ concluded that Plaintiff's arguments in favor of a more restrictive RFC were not "supported by the record as a whole." (Tr. 31). Plaintiff does not address the ALJ's conclusion that the medical opinions support both his RFC determination and findings as to credibility. Document #12 at 11-12.

The ALJ made an erroneous conclusion concerning Plaintiff's statements about his drug use. (Tr. 31). The ALJ stated that Plaintiff denied any drug use at the hearing. However, Plaintiff's medical records established that he self-medicated with marijuana. (Tr. 31). Plaintiff has never denied using marijuana. This is the only aspect of the ALJ's credibility finding that Plaintiff addresses in his brief. Document #12 at 12-13. The ALJ erred in finding that Plaintiff

9

lied about his drug use. This error is harmless since the ALJ provided an adequate basis to support his credibility finding. See Hosey v. Astrue, No. 2:11-CV-42, 2012 WL 667813, at *7 (W.D.N.C. Feb 6, 2012) ( one error in ALJ's credibility finding was harmless where that finding was also based upon other factors, including plaintiff's daily activities and medical opinions).

Although the medical records establish that Plaintiff experienced some degree of pain, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles, 29 F.3d at 923 (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that the Plaintiff was not disabled.

## IV. <u>RECOMMENDATIONS</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Judgment on the Pleadings" (document #11) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #13) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation

contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: September 30, 2013

_____

David S. Cayer
United States Magistrate Judge